**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                              **CASE NO. 1:05CR38-SPM/AK**

**LORENZO LAWRENCE ATKINS,**[1]

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

On this date, the Defendant, Lorenzo Lawrence Atkins, his attorney, and the attorney for the Government appeared before the undersigned for the purpose of considering Defendant's entry of a guilty plea to Count 1 of the indictment. The district judge referred this matter to the undersigned for purposes of hearing Defendant's proposed change of plea pursuant to Fed.R.Crim.P. 11 and to enter a report and recommendation as to whether to accept the change of plea. All parties consented to this procedure, and the written consent has been entered.

---

[1] The Court will continue to refer to Defendant by the name listed in the Indictment, Plea Agreement, and Statement of Facts, although, as will be discussed *infra*, Defendant's name became an issue during the colloquy.

The Court addressed Defendant personally in open court, and after assuring that Defendant was competent to proceed and had consented to pleading guilty, the Court finds:

1.  Defendant claims he is being treated for mental illness and has taken his prescribed medications within the past 24 hours.  The Court questioned him on the record in that regard and is satisfied that he is mentally alert, appears to be reasonably intelligent, and understands the nature of the plea hearing and the charges to which he is pleading guilty as well as the consequences of a guilty plea.  In short, Defendant fully understands his decision to plead guilty.

2.  Defendant understands that he has a right to persist in his plea of not guilty, to trial by jury, to assistance of counsel at trial, to confront and cross-examine adverse witnesses, and that he has a right against compelled self-incrimination.

3.  Defendant understands the effect of the supervised release term; he understands that the sentencing guidelines suggest a range for his sentence, but that the district judge is no longer bound by those guidelines and may in his discretion sentence him to a term shorter or longer than the range suggested by those guidelines. Defendant also understands that he cannot withdraw his guilty plea if the sentence is not what he expected.

4.  Defendant understands that by pleading guilty, he has waived the right to have a jury determine beyond a reasonable doubt any fact or issue related to sentencing and has agreed to allow the Court to decide by a preponderance of the evidence all facts and issues related to sentencing.

5. The plea of guilty by the Defendant has been freely, knowingly, and voluntarily made and is not the result of force or threats or of any promises except for those promises contained in the written plea agreement between the parties.

6. Defendant is competent to plead guilty.

7. Defendant understands that his answers during the plea colloquy, which were under oath, may be later used against him in a prosecution for perjury or false statement.

8. Defendant claims that his full name is "Lorenzo Atkins," without any middle name, and he has no recollection of having the middle name of "Lawrence." AUSA Greg McMahon advised the Court that Defendant has been convicted under the name used in the Indictment, "Lorenzo Lawrence Atkins" and represented to the Court that this had been confirmed with fingerprints. Consequently, the Court allowed Defendant and counsel to confer, and after their conference, Defendant acknowledged in open court with advice of counsel that he does recall a prior conviction for bank robbery. Thus, there is a factual basis for Defendant's guilty plea, but the Court would recommend that the Government's oral representations be confirmed with written documentation.

9. There is a plea agreement which should be accepted by the district court. Defendant understands the terms of the plea agreement.

10. Defendant has made his decision to plead guilty with the advice and counsel of a competent attorney with whom Defendant acknowledged he was satisfied.

11. Defendant has voluntarily consented to go forward with his plea of guilty before the undersigned. He understands that he has waived the ten-day period for filing

objections to this report and recommendation, and he agrees that he has twenty-four hours from receipt of a copy of this report and recommendation in which to file written objections, if any.  The United States also consents to this procedure, including the shorter period for objections.

Accordingly, it is **RECOMMENDED** that the Court **ACCEPT** the plea agreement and Defendant's plea of guilty.

**IN CHAMBERS** at Gainesville, Florida, this **12th** day of September, 2006.


  **s/ A. KORNBLUM**
  **ALLAN KORNBLUM**
  **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 24 hours after receiving a copy of this report and recommendation.**